**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SIPP International Industries, Inc., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> Gregg Pearson; Mark Suchy; and Carlos ) <br> Chavez, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:14-cv-00054-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the document styled "Plaintiffs Notice of Motion; Exparte Motion; Application for Injunctive Relief, Order to Show Cause, Temporary Restraining Order," entered in the docket as three separate motions (ECF Nos. 2-4), filed by *pro se* individual Homer T. Langrill on behalf of unrepresented entity Plaintiff SIPP International Industries, Inc. ("SIPP").

**I. BACKGROUND**

On January 10, 2014, Mr. Langrill initiated this action by filing a Complaint on behalf of named Plaintiff SIPP International Industries, Inc., alleging causes of action against individual Defendants Gregg Pearson, Mark Suchy, and Carlos Chavez, in their capacity as SIPP board members. (ECF No. 1.) Summonses for each of the three Defendants were issued (ECF No. 1-1) contemporaneously with the Complaint, but no Proof of Service has yet been filed.

On January 15, 2014, Mr. Langrill filed the document styled "Plaintiffs Notice of Motion; Exparte Motion; Application for Injunctive Relief, Order to Show Cause, Temporary Restraining Order," on behalf of Plaintiff SIPP, requesting emergency injunctive relief in the form of a temporary restraining order and an order to show cause as to why the Court should not grant the requested injunction. (ECF Nos. 2-4.)

## II. LEGAL STANDARD

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

A "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 439 (1974).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 24 (internal quotation marks omitted).

The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

**III. DISCUSSION**

First, although the instant request was filed in the docket as three separate motions, the Court recognizes that the relief requested is governed by one legal standard – that of a motion for temporary restraining order pursuant to Rule 65.  Therefore, the Court analyzes the motion accordingly.

A threshold problem with the pleading (Compl., ECF No. 1) and with the motion (ECF Nos. 2-4) is that Mr. Langrill's standing to assert claims on behalf of Plaintiff is not evident, nor is Mr. Langrill's standing or relationship to Plaintiff even alleged.  For this reason alone, the Court cannot find that issuance of a temporary restraining order or any other injunctive relief requested by Mr. Langrill is appropriate.

To the extent that Mr. Langrill himself is asserting claims as a shareholder or member of SIPP, as a derivative action pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, the Complaint appears to be improperly pled; and Mr. Langrill may choose amend the pleading pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Regardless of Mr. Langrill's future actions, the Court's review of the arguments and facts alleged in the motion and in the Complaint yield no basis for a determination that the claims are likely to succeed on the merits.  Likewise, the Court cannot find that Mr. Langrill has made a clear showing that he or SIPP are entitled to the requested relief, and the Court is unable to determine the relevant parties so as to even consider the competing interests or the likelihood of irreparable harm to any particular party.

Because the Court discerns possible claims that may be brought by Mr. Langrill on behalf of SIPP, or possibly other claims by Mr. Langrill himself as plaintiff, the Court will deny the request without prejudice, with leave to re-file if Mr. Langrill or any other proper representative of SIPP intends to clarify the ambiguities in the Complaint or to take any other curative action.

1 **IV. CONCLUSION**

2 **IT IS HEREBY ORDERED** that the "Plaintiffs Notice of Motion; Exparte Motion;

3 Application for Injunctive Relief, Order to Show Cause, Temporary Restraining Order,"

4 entered in the docket as three separate motions (ECF Nos. 2-4) is **DENIED without prejudice**.

5

6 **DATED** this 16th day of January, 2014.

7 _____

8 Gloria M. Navarro, Chief Judge
United States District Court